UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HOWARD MORRIS,

                Petitioner,                **MEMORANDUM & ORDER**

       v.                                         No. 23-CV-3762 (RPK)

STACIE BENNETT,

                Respondent.
-----------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Petitioner, a state prisoner, moves to amend his petition for a writ of habeas corpus under 28 U.S.C. § 2254 to add an unexhausted ineffective-assistance-of-counsel claim. He also requests that adjudication of his petition be stayed while he exhausts that claim in state court. The motion is denied. As explained below, amendment of the petition to add the unexhausted claim would be futile because if that ineffective-assistance claim were part of the habeas petition, that claim (or the entire federal habeas petition) would be properly dismissed for lack of exhaustion, rather than held in abeyance pending state postconviction proceedings on the ineffective-assistance claim.

## BACKGROUND

       Petitioner was charged with second-degree murder and first-degree assault in 2019 in connection with a home burglary that resulted in the death of one the occupants. *See People v. Morris*, 158 N.Y.S.3d 253, 254 (App. Div. 2021). After petitioner pleaded guilty to the charges, the trial court imposed a prison term of twenty years to life, along with five years of post-release supervision. Pet. 2 (Dkt. #1). Petitioner then appealed his conviction and sentence on the ground that "his plea of guilty was not knowing, voluntary, or intelligent because the allocution was factually insufficient." *Morris*, 158 N.Y.S.3d at 254. The New York Appellate Division affirmed his conviction, *id.* at 255, and, on February 28, 2022, the New York Court of Appeals denied him

1

leave to further appeal, *see People v. Morris*, 38 N.Y.3d 929, 929 (2022).  Petitioner's conviction became final 90 days later.  *See Valverde v. Stinson*, 224 F.3d 129, 132 (2d Cir. 2000).

In November 2022, petitioner filed a motion to vacate the trial court's judgment of conviction pursuant to N.Y. Crim. Proc. Law § 440.10 on the ground that "defense counsel was unconstitutionally defective."  Pet'r's Mot. to Amend (Dkt. #8), Ex. C ("Pet'r's First Section 440 Mot.") 1 (Dkt. #8-1).  Petitioner then filed an application to withdraw the Section 440 motion, which the state court granted in April 2023.  Pet'r's Mot. to Amend, Ex. E ("Apr. 27, 2023, Order") 1 (Dkt. #8-1).

In May 2023, petitioner filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, raising three grounds for relief.  *See* Pet. 16.  First, petitioner asserts that his guilty plea was not knowing and voluntary and therefore violated his due process rights.  Pet. 6.  Second, petitioner asserts that his "purported waiver of the right to appeal is invalid."  *Id.* at 8.  Third, petitioner asserts that his "sentence should be reduced in the interest of justice."  *Id.* at 9.

While his habeas petition was pending, petitioner filed a second Section 440 motion, raising three claims.  *See* Resp't's Opp'n to Mot. to Amend ("Resp't's Opp'n.") (Dkt. #9), Ex. A ("Pet'r's Second 440 Mot.") 1 (Dkt. #9-1).  First, he claimed that he was denied effective assistance of counsel.  *Ibid.*  Second, he claimed that his guilty plea was not "voluntary, knowing and intelligent."  *Ibid.*  Third, he claimed that he was "not advised of the immigration deportation consequences of his guilty plea."  *Ibid.*

Petitioner then filed a letter in federal court requesting that his habeas petition be stayed pending resolution the ineffective-assistance-of-counsel claim raised in his second Section 440 motion.  *See* Pet'r's Letter (Dkt. #6).  The Court entered an order noting that the pending habeas petition did not contain an ineffective-assistance-of-counsel claim and advising petitioner that,

2

"[i]f petitioner wishe[d] to present" such a claim, he should "file a motion to amend his habeas petition accordingly."  6/20/2023 Order.

Petitioner then filed the instant motion asking that he be granted leave to amend his petition to include an ineffective-assistance-of-counsel claim and that the resulting mixed petition be held in abeyance while petitioner exhausts his ineffective-assistance claim in state court.  Pet'r's Mot. to Amend ¶ 10.  Respondent opposed the motion.  *See* Resp't's Opp'n.

### DISCUSSION

Petitioner's request to amend his habeas petition and stay federal proceedings is denied.  While under Federal Rule of Civil Procedure 15(a), leave to amend a habeas petition should be "freely give[n] . . . when justice requires," Fed. R. Civ. P. 15(a)(2); *see Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001), leave is properly denied "where amendment would be futile," *Reyes v. LaValley*, No. 10-CV-2524 (KAM) (LB), 2013 WL 4852313, at *6 (E.D.N.Y. Sept. 10, 2013); *see Kaminski v. Semple*, 796 F. App'x 36, 40 (2d. Cir. 2019) (denying leave to amend habeas petition where "amendment would have been futile").  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner must generally exhaust challenges to their conviction in state court before pursuing federal habeas relief based on those claims.  *See* 28 U.S.C. § 2254(c).  Accordingly, a district court confronted with a petition that contains both exhausted and unexhausted claims is ordinarily required to either dismiss the unexhausted claim or to dismiss the entire petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  As a result, it is generally futile to amend a habeas petition to add an unexhausted claim—as petitioner seeks to do—because doing so adds a claim that the court would be required to dismiss.  Addition of an unexhausted claim is not futile, however, in the "limited circumstances" under which it would be appropriate for the district court to stay litigation on the federal habeas petition containing both exhausted and unexhausted claims until after the conclusion of state post-conviction proceedings.  *Rhines v.*

3

*Weber*, 544 U.S. 269, 277 (2005). In such a case, amending the petition to add unexhausted claims would not inherently lead to the claim's dismissal. *See, e.g.*, *Ramdeo v. Phillips*, No. 4-CV-1157 (SLT), 2006 WL 297462, at *4 (E.D.N.Y. Feb. 8, 2006) ("The mere fact that claims are unexhausted does not make them futile, so long as a petitioner can obtain a stay of the habeas proceedings while he exhausts those claims." (internal quotation marks omitted)). Accordingly, whether petitioner's motion to amend would be futile depends on whether a stay of federal proceedings on the resulting mixed petition would be appropriate or whether, instead, petitioner's amendment would necessitate dismissal of either his unexhausted claim or the entire petition. *See, e.g.*, *Spells v. Lee*, No. 11-CV-1680 (KAM) (JMA), 2012 WL 3027865, at *6 (E.D.N.Y. July 23, 2012) (collecting cases holding that futility of amending habeas petition to add unexhausted claims depends on whether litigant would be entitled to stay of mixed petition).

Petitioner has not shown he would be entitled to a stay of a petition that contained his unexhausted ineffective-assistance claim, and the proposed amendment to add that claim is therefore futile. District courts may sometimes stay adjudication of mixed habeas petitions that contain both exhausted and unexhausted claims, as an exercise of their "ordinar[y] . . . authority to issue stays . . . where such a stay would be a proper exercise of discretion." *Rhines*, 544 U.S. at 276 (citations omitted). The Supreme Court has cautioned, however, that stays of habeas petitions containing unexhausted claims should not be "employed too frequently," because doing so would frustrate the "objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Id.* at 277. They could also undermine the goal of "streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Ibid.* Accordingly, the Supreme Court held that district courts should stay adjudication of mixed petitions and hold them in abeyance until the close of state postconviction proceedings on unexhausted claims only if the "petitioner ha[s] good cause for his

failure to exhaust," the unexhausted claims are not "plainly meritless," and the petitioner has not "engaged in intentionally dilatory litigation tactics." *Id.* at 277–78.

Here, petitioner would not be entitled to a stay if his petition were amended to include his unexhausted ineffective-assistance claim because petitioner has not shown good cause for failure to exhaust his additional claims, as *Rhines* requires. Although the Supreme Court did not define "good cause" in *Rhines*, "lower courts have determined that it requires a showing of either (1) 'some factor external to the petitioner [that] gave rise to the default' or (2) 'reasonable confusion,' which is more forgiving and incorporates the petitioner's subjective reasons for the delay in seeking state relief." *Martinez v. Mariuscello*, No. 16-CV-7933 (RJS), 2017 WL 2735576, at *2 (S.D.N.Y. June 23, 2017) (alteration in original) (quoting *Whitley v. Ercole*, 509 F. Supp. 2d 410, 417–18 (S.D.N.Y. 2007)).

Petitioner has not demonstrated good cause for failure to exhaust under either approach. Construed liberally, petitioner's filings suggest that petitioner would be entitled to a stay of proceedings on a mixed federal habeas petition that included his unexhausted ineffective-assistance claim because petitioner did not learn of his potential ineffective-assistance claim until he received advice regarding that claim from a law library clerk. Pet.'r's Mot. to Amend ¶ 7; *see* Pet'r's Reply 4 (Dkt. #10) ("Petitioner could not initially raise the ineffective assistance claims because he did not know these occurrences gave rise to valid claims and was misadvised as to the issues available to him."). But ignorance of the law does not constitute "reasonable confusion" that gives rise to good cause for a stay. *See Ramirez v. Superintendent of Shawangunk Corr. Facility*, No. 17-CV-7185 (PAE) (HBP), 2019 WL 3714992, at *4 (S.D.N.Y. Aug. 6, 2019) (citing *McRae v. Artus*, No. 10-CV-2988 (RRM), 2012 WL 3800840, at *10 (E.D.N.Y. Sept. 2, 2012)); *see also Pena v. Bell*, No. 18-CV-4849 (ALC), 2021 WL 517778, at *5 (S.D.N.Y. Feb. 11, 2021) (holding that "ignorance of the law" resulting from "bad advice from former counsel" did not

5

constitute "good cause"). And petitioner has not otherwise alleged delay in seeking state relief was the product of reasonable confusion or described any external factor that gave rise to his default. Because petitioner would therefore not be entitled to a stay of federal proceedings if his petition included his unexhausted ineffective-assistance claim, amending the complaint to include that claim would be futile.

Petitioner's motion to amend and his request that federal proceedings be held in abeyance are accordingly denied.

## CONCLUSION

Petitioner's motion to amend is denied, as is petitioner's request to stay his federal habeas proceedings and to hold his habeas petition in abeyance. In petitioner's reply brief, petitioner writes that if the federal statute of limitations is tolled during the period in which his current state post-conviction petition is pending, he would prefer for the Court to dismiss his federal habeas petition without prejudice to re-filing after state post-conviction proceedings end. The Court cannot conclusively determine the application of statutory tolling to a future federal habeas petition until that petition is filed. But respondent has stated that petitioner's pending state post-conviction petition "may have given rise to still-ongoing statutory tolling" that would potentially leave petitioner with at least a short window for refiling a federal habeas petition after his state post-conviction petition is resolved. Resp't's Opp'n 2 n.1.

Petitioner is directed to file a letter by January 5, 2024, advising whether he wishes to (i) dismiss his pending habeas petition or (ii) proceed on the claims raised in the pending petition. All proceedings in this case are stayed for 30 days. The Clerk of Court is respectfully directed to

mail a copy of this Order to petitioner.

        SO ORDERED.

                                            */s/ Rachel Kovner*
                                            RACHEL P. KOVNER
                                            United States District Judge

Dated:  December 5, 2023
         Brooklyn, New York